| | |
|---|---|
| 1 | KEITH A. JACOBY, Bar No. 150233 |
| | kjacoby@littler.com |
| 2 | ZEESHAN KABANI, Bar No. 322638 |
| | zkabani@littler.com |
| 3 | LITTLER MENDELSON, P.C. |
| | 2049 Century Park East |
| 4 | 5th Floor |
| | Los Angeles, California 90067.3107 |
| 5 | Telephone: 310.553.0308 |
| | Fax No.: 310.553.5583 |
| 6 | |
| 7 | Attorneys for Defendant |
| | LIN R. ROGERS ELECTRICAL |
| | CONTRACTORS, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASHONDA SOLOMON, an individual, | Case No. 2:22-cv-6866 |
| Plaintiff, | **NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT LIN R. ROGERS ELECTRICAL CONTRACTORS, INC.** |
| v. | |
| LIN R. ROGERS ELECTRICAL CONTRACTORS, INC., a Georgia corporation; and DOES 1 through 100, inclusive, | |
| Defendants. | Los Angeles Superior Court Complaint Filed: August 15, 2022 |

TO THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HER ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendant LIN R. ROGERS ELECTRICAL CONTRACTORS, INC. ("Defendant") hereby removes the action of *LaShonda Solomon v. Lin R. Rodgers Electrical Contractors, Inc., et al.,* pending before the Superior Court of the State of California for the County of Los Angeles, Case No. 22STCV26342, to the United States District Court for the Central District of California. This removal is based on 28 U.S.C. §§ 1332, 1441(a) and (b) due to complete diversity of the parties' citizenship.

In support of this Notice of Removal, Defendant states the following:

## I.   STATEMENT OF JURISDICTION

1. This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), 1441 (b) and 1446 because it is a civil action wherein the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States."  As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.   VENUE

2. This action was filed in the Superior Court for the State of California, County of Los Angeles.  Venue properly lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 84(b), 1391, 1441, and 1446.

## III.   TIMELINESS OF REMOVAL

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. section 1446(b), because Defendant has filed this notice within 30 days after receiving the pleadings from which Defendant could first determine that this action was removable

and less than one year after commencement of this action as required under 28 U.S.C. section 1446(c). Defendant was served the Complaint on August 23, 2022. *See* the Declaration of William Travis Billingsley ("Billingsley Decl.") ¶ 3.

## IV. STATUS OF PLEADINGS, PROCESS AND ORDERS

4. On or about August 15, 2022, Plaintiff LaShonda Solomon ("Plaintiff") filed a complaint ("Complaint") in the Superior Court of California, County of Los Angeles, which is captioned as follows: *LaShonda Solomon, an individual v. Lin R. Rogers Electrical Contractors, Inc., a Georgia Corporation; and Does 1 to 100, inclusive*, designated as Case No. 22STCV26342. *See* Declaration of Zeeshan Kabani in Support of Notice to Federal Court of Removal of Civil Action from State Court ("Kabani Decl.") ¶ 2. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A** and incorporated herein by reference.

5. Plaintiff served Defendant with the Summons, Complaint and the Civil Case Cover Sheet on August 23, 2022, through its registered agent for service of process. A true and correct copy of the Civil Case Cover Sheet is attached hereto as **Exhibit B**. A true and correct copy of the Proof of Service filed with the court is attached hereto as **Exhibit C**. *See* Kabani Decl. ¶ 3. Pursuant to 28 U.S.C. section 1446(a), the documents attached hereto as Exhibits A, B and C constitute all process, pleadings, and orders served upon Defendant and filed in this action. *See* Kabani Decl. ¶ 4.

6. Plaintiff's Complaint alleged thirteen causes of action for: (1) Discrimination in Violation of the Fair Employment and Housing Act; (2) Retaliation in Violation of the Fair Employment and Housing Act; (3) Wrongful Termination in Violation of Public Policy; (4) Failure to Prevent Discrimination, harassment, and Retaliation in Violation of the Fair Employment and Housing Act; (5) Disability Discrimination – Failure to Engage in the Interactive Process in Violation of Fair Employment and Housing Act; (6) Retaliation in Violation of Cal. Lab. Code §1102.5; (7) Failure to Pay Minimum Wages (Cal. Lab. Code §§ 1194, 1197); (8) Failure to

Compensate for All Hours Worked (Cal. Lab. Code § 1198); (9) Failure to Pay Overtime Wages (Cal. Lab. Code §§ 510, 1194, 1198 et seq.); (10) Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7, 512); (11) Failure to Provide Rest Periods (Cal. Lab. Code § 226.7); (12) Failure to Provide Accurate Wage Statements (Cal. Lab. Code § 226); and (13) Waiting Time Penalties.

7. Plaintiff seeks unpaid wages, special damages, actual damages, punitive damages, restitution, declaratory relief, pre and post-judgment interest, statutory penalties, civil penalties, liquidated damages, costs of suit, and attorneys' fees, among other damages. *See* Exhibit A, Complaint, Prayer for Relief. Plaintiff's Complaint is otherwise silent as to the value of relief sought by way of this action. *Id.*

8. On September 21, 2022, Defendant filed an Answer (General Denial and Affirmative Defenses) to the Complaint in the Superior Court for the County of Los Angeles. A conformed copy of Defendant's Answer is attached hereto as **Exhibit D**. *See* Kabani Decl. ¶ 5.

**V. DIVERSITY OF CITIZENSHIP**

9. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *Murroquin v. Wells Fargo, LLC*, 2011 U.S. Dist. LEXIS 10510, at *3-4 (S.D. Cal. 2011); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile); *see Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court Complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise").

10. In this case, Plaintiff alleges that she resides in the County of Orange in the state of California. *See* Exhibit A, Complaint, ¶ 2. Plaintiff also alleges that she

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

worked for Defendant in and around Los Angeles County. *See* Exhibit A, Complaint, ¶ 3-4. Accordingly, Plaintiff is a citizen of the State of California.

11. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As explained by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control and coordinate the corporation's activities, i.e., its 'nerve center,' which will typically be found at its corporate headquarters." *Hertz Corp. v. Friend*, 559 U.S. at 78.

12. Defendant was, at the time the action was commenced in state court, and still is, a Georgia-based company whose principal place of business is Alpharetta, Georgia, and is therefore not a citizen of the State of California. *See* Billingsley Decl., ¶ 5. Defendant's corporate headquarters were, at the time of filing of the state court action, and remain, located in Alpharetta, Georgia, where its home office, main administrative office, and books and records are maintained. *See* Billingsley Decl., ¶ 5. It is also primarily where its corporate officers work, and where they direct, control and coordinate activities for Defendant. *Id.* Accordingly, Defendant is a citizen of the state of Georgia.

13. Defendant designated as Does 1 through 100 individuals that are fictitious defendants, are not parties to this action, have not been named or served, and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441(b). Pursuant to Section 1441, the citizenship of defendants sued under fictitious names should be disregarded for the purpose of determining diversity jurisdiction and only the domicile of the named defendants should be considered. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

14. Given that Plaintiff is a citizen of California; and that Defendant is a citizen of Georgia, diversity of citizenship exists.

///

## VI. AMOUNT IN CONTROVERSY EXCEEDS $75,000

15. This suit is a civil action for unpaid wages, special damages, actual damages, punitive damages, restitution, declaratory relief, pre and post-judgment interest, statutory penalties, civil penalties, liquidated damages, costs of suit, and attorneys' fees, among other damages in which Plaintiff alleges violations of the Fair Employment and Housing Act ("FEHA") consisting of disability discrimination, disability harassment, violation of the California Family Rights Act, failure to accommodate, failure to engage in the interactive process, failure to prevent discrimination and harassment, retaliation, and wrongful termination.

16. Furthermore, Plaintiff also alleges that Defendant failed to pay her full wages (including minimum wages, overtime wages, and for all hours worked), failed to provide meal breaks, failed to provide rest breaks, failed to provide accurate wage statements, and alleges that there should be waiting time penalties.

17. Plaintiff's Complaint does not expressly state the amount being sought by Plaintiff. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (explaining that removing defendant need only show by a preponderance of the evidence (that it is more probable than not) that plaintiff's claimed damages exceed the jurisdictional minimum). Here, based on the nature of Plaintiff's claims, the allegations in her Complaint, and Plaintiff's earnings at the time of her termination, the amount at issue is in excess of $75,000, as follows.

18. In measuring the amount in controversy, the Court must assume that the well-pleaded allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in his complaint. *Kenneth Rothschild Trust*

1 *v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is placed "in controversy" by the plaintiff's complaint, and not how much, if anything, the defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). In determining the amount in controversy, the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

### A. Lost Earnings, General Damages, and Emotional Distress

19. The amount in controversy includes claims for general damages, exclusive of costs and interest. *See Ajimatanrareje v. Metropolitan Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339 at 4 (N.D. Cal. 1999) (general and special damages may be part of the amount in controversy calculation, and emotional distress damages "may be considered in the amount in controversy even when not clearly pled in the complaint."); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).

20. Here, in addition to claiming lost and future earnings and benefits, Plaintiff seeks general damages, including damages for emotional distress, as well as punitive and exemplary damages. *See* Exhibit A, Complaint, at ¶¶ 27-32, 40-45, 53-57, 65-70, 79-80, 89-94, 98-99, 101-105, 111, 116-118, 123-125, 132-134, 141-143, Prayer for Relief.

21. Should Plaintiff prevail on her claims, she could also potentially recover lost wages and benefits. Before the separation of her employment from Defendant on October 28, 2021, Plaintiff earned $28 per hour at the time of her termination. *See* Billingsley Decl. ¶ 8. Since Plaintiff's termination, there has been approximately 225 workdays to the day this removal was filed, September 22, 2022. Assuming Plaintiff maintained her average work hours per day, eight, for those 225 days, Plaintiff could potentially recover **$50,400** (approximately $28/hour x 8 hours/day x 225 workdays). *Id.* at ¶8, 11. If Plaintiff remains unemployed through trial, which would likely be completed no sooner than one year from today, the amount in controversy as to lost wages would be total at least 473 workdays, or roughly **$105,952.00**. *See James v.*

*Childtime Childcare, Inc.*, No. S-06-2676, 2007 WL 1589543, *2 n.1 (E.D. Cal., June 1, 2007) ("The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages.")

22. In addition, front pay awards in California frequently span a number of years. *See Rabaga-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). Even conservatively estimating that Plaintiff seeks front pay benefits for only the two years after a final disposition, the amount of future wages in controversy in this case would total at least an additional **$111,328.00.**

23. With respect to emotional distress damages, claims for emotional distress damages in a successful employment discrimination case may be substantial. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").

24. Furthermore, at the time of Plaintiff's termination, Plaintiff had accrued $13,405.70 in overtime wages for the 2021 year. *See* Billingsley Decl. ¶ 12. If Plaintiff earned $13,405.70 in approximately 11 months in 2021, given that it has been approximately 11 months since Plaintiff's termination, it is reasonable to assume the amount of overtime wages in controversy in this case would total at least an additional **$13,405.70**.

25. To determine the potential damages for the timely payment of wages claim, applying Plaintiff's alleged $100 penalty per pay period, one would multiply the number of workweeks by the alleged $100 amount. Based on Defendant's business records, the amount placed in controversy is **$9,300.00** for the wages claim. *See* Billingsley Decl. ¶ 13.

26. To determine the potential damages on the meal periods claim, assuming Plaintiff missed an average of three meal periods per workweek between February 14, 2017, to October 28, 2021, for those workweeks in which she was employed, one would multiply the number of workweeks by Plaintiff's hourly rate for this period of time. Based on Defendant's business records, the amount placed in controversy is **$2,604.00** for the meal period claim. *See* Billingsley Decl. ¶ 14.

27. To determine the potential damages on the rest break claim, assuming Plaintiff missed three rest breaks per workweek between February 14, 2017, to October 28, 2021, for those workweeks in which she were employed, one would multiply the number of workweeks by the employee's hourly rate for this period of time. Based on Defendant's business records, the amount placed in controversy is **$2,604.00** for the rest break claim. *See* Billingsley Decl. ¶ 15.

28. To determine the potential damages on the recovery break claim, assuming Plaintiff missed three recovery breaks per workweek between February 14, 2017, to October 28, 2021, for those workweeks in which they were employed, one would multiply the number of workweeks by the employee's hourly rate for this period of time. Based on Defendant's business records, the amount placed in controversy is **$2,604.00** for the recovery break claim. *See* Billingsley Decl. ¶ 16.

29. Based on Defendant's records and estimating 52 pay periods placed in controversy during the one-year period for the wage statement allegations, and assuming Plaintiff's alleged penalty in the amount of $250, there is $13,000.00 placed in controversy on the wage statement claim. The maximum, by statute, that can be put in controversy for this wage claim is $4,000. Thus, the amount placed in controversy is **$4,000** for the wage statement claim. *See* Billingsley Decl. ¶ 17

**B.  Punitive Damages**

30. Plaintiff's Complaint also seeks punitive damages. *See* Exhibit A, Complaint at Prayer ¶ 3. With respect to punitive damages, California law does not provide any specific monetary limit on the amount of punitive damages which may be

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

9

awarded under Civil Code § 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and the defendant's net worth. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). Punitive damages are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994). Awards of four times the amount of compensatory damages have been found to comport with due process and, absent other factors, are otherwise affirmed. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-25 (2003). In *Aucina*, the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that defendant was a Fortune 500 Company, and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages "alone might" exceed the jurisdictional minimum. *Aucina*, 871 F. Supp. at 334.

31. Although Defendant denies Plaintiff's allegations, if Plaintiff were to prevail on one of her claims and establish the requisite state of mind, the punitive damages alone could exceed the jurisdictional minimum.

### C. Attorneys' Fees

32. Plaintiff's Complaint also seeks attorneys' fees. *See* Exhibit A, Complaint at Prayer ¶ 10. Recoverable attorneys' fees also are included in the amount in controversy calculation. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002) (court may estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if she were to prevail in determining whether amount in controversy exceeds $75,000). In actions brought under FEHA (as

is the case here), the court may award to the prevailing party reasonable attorneys' fees. CAL. GOV'T CODE § 12965 (b). In 2001, the California Supreme Court upheld an award of attorneys' fees under FEHA for $1,088,231. *See Flannery v. Prentice*, 26 Cal. 4th 572 (2001); *see also Dwyer v. Crocker Nat'l Bank*, 194 Cal. App. 3d 1418 (1987) ($75,258 in attorneys' fees awarded under FEHA); *Zissu v. Bear, Stearns & Co.*, 805 F.2d 75 (1986) ($555,000 in attorneys' fees awarded under FEHA); *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 227 (9th Cir. 2013) ($697,971.80 in attorneys' fees awarded on a $27,280.00 FEHA claim).

### D. Verdicts in California Employment Discrimination Cases

33. Jury verdicts in various discrimination cases in California reflect that if Plaintiff were to prevail at trial, his damages could be in excess of the $75,000 threshold. For example, in the matter of *Dedekian v. Central Unified School District*, 03-CE-CG-02424, in the Fresno Superior Court, on February 16, 2006, a jury awarded the plaintiff $112,289 in a case involving allegations of discrimination under the FEHA. *See* Kabani Decl. ¶ 6, **Exhibit E**. In the matter of *Miller v. Lockheed Martin Corp.*, WL 3731646 (2005), in the Los Angeles Superior Court, on October 12, 2005, a jury awarded the plaintiff $1,033,000 in a case involving allegations of discrimination/wrongful termination under the FEHA. Kabani Decl. ¶ 7, **Exhibit F**.

34. Based upon the foregoing, the amount in controversy in this matter appears to well exceed the jurisdictional minimum of $75,000.

35. For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by State Farm pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

### VII. NOTICE TO COURT AND PARTIES

36. Concurrent with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff, and Notice of Removal filed with the Clerk of the Superior Court for the State of California for the County of Los Angeles.

37. WHEREFORE, Defendant prays that this civil action be and is removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court, Central District of California.

Dated:  September 22, 2022

LITTLER MENDELSON, P.C.

*/s/ Zeeshan Kabani*
Keith A. Jacoby
Zeeshan Kabani

Attorneys for Defendant
LIN R. ROGERS ELECTRICAL CONTRACTORS, INC.

4884-7562-9108.2 / 114073-1000

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308