# Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 08/15/2022 03:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk

Case 2:22-cv-06866-FLA-JC   Document 1-3   Filed 09/22/22   Page 2 of 28   Page ID #:21

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td></td><td><em>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</em></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LIN R. ROGERS ELECTRICAL CONTRACTORS, INC., a Georgia
corporation; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LASHONDA SOLOMON, an individual

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Stanley Mosk Courthouse

111 N. Hill St.
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*  22STCV26342

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kharatian Law, APC; 595 E. Colorado Blvd., Suite 210, Pasadena, CA 91101; 626-759-9900

Sherri R. Carter Executive Officer / Clerk of Court

DATE:  08/15/2022                    Clerk, by _____ N. Alvarez _____ , Deputy
*(Fecha)*                            *(Secretario)*                                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

---


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Defendants

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Electronically FILED by Superior Court of California, County of Los Angeles on 08/15/2022 03:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk
Case 2:22-cv-06866-FLA-JC Document 1-3 Filed 09/22/22 Page 3 of 28 Page ID #:22
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Michael Linfield

1 | Jores Kharatian (SBN 306150)
*jores@kharatianlaw.com*
2 | KHARATIAN LAW, APC
595 East Colorado Boulevard, Suite 210
3 | Pasadena, CA 91101
Tel: (626) 759-9900
4 | Fax: (888) 636-5090

5 | Attorney for Plaintiff
LASHONDA SOLOMON
6

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**
9

10

| | |
|---|---|
| LASHONDA SOLOMON, an individual, | **Case No.:** 22STCV26342 |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES:** |
| LIN R. ROGERS ELECTRICAL CONTRACTORS, INC., a Georgia corporation; and DOES 1 through 100, inclusive, | **1. DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;** |
| Defendants. | **2. RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;** |
| | **3. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |
| | **4. FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;** |
| | **5. DISABILITY DISCRIMINATION - FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT;** |
| | **6. RETALIATION IN VIOLATION OF LABOR CODE § 1102.5;** |
| | **7. FAILURE TO PAY MINIMUM WAGES (LABOR CODE §§ 1194, 1197);** |

1
COMPLAINT

|  |  |
|---|---|
| ) | **8.   FAILURE TO COMPENSATE FOR ALL HOURS WORKED (LABOR CODE § 1198);** |
| ) | **9.   FAILURE TO PAY OVERTIME WAGES (LABOR CODE §§ 510, 1194, 1198 ET SEQ.);** |
| ) | **10.   FAILURE TO PROVIDE MEAL PERIODS (LABOR CODE §§ 226.7, 512);** |
| ) | **11.   FAILURE TO PROVIDE REST PERIODS (LABOR CODE § 226.7); and** |
| ) | **12.   FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (LABOR CODE § 226).** |
| ) | **13.   WAITING TIME PENALTIES** |
| ) | **[DEMAND FOR TRIAL BY JURY]** |

1.      PLAINTIFF LASHONDA SOLOMON ("PLAINTIFF" or "SOLOMON"), an individual, hereby submits this Complaint for Damages against DEFENDANT LIN R. ROGERS ELECTRICAL CONTRACTORS, INC. ("ROGERS") and DOES 1-100 (hereinafter, all DEFENDANTS will be referred to collectively as "DEFENDANTS"), and each of them, and alleges as follows:

## JURISDICTION

2.      This Court is the proper Court, and this action is properly filed in Los Angeles County because DEFENDANTS' obligations and liability arise therein, because DEFENDANTS maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was and is performed by PLAINTIFF in Los Angeles County.

## THE PARTIES

2.      PLAINTIFF is and at all times relevant hereto was a resident of the State of California, County of Orange.

3.      ROGERS is and at all time relevant hereto was a California public entity, existing, doing business, and employing individuals in the County of Los Angeles, State of California.

4.      ROGERS was and is PLAINTIFF's employer within the meaning of Government Code

§§ 12926(d), 12940 (a), (h), (l), (h) (3) (A) and (i), and 12950, and regularly employs five (5) or more persons and is therefore subject to the jurisdiction of this Court.

5.     The true names and capacities, whether individual, corporate, associate, or otherwise of the DEFENDANTS named herein as DOES 1-100, inclusive, are unknown to PLAINTIFF at this time and therefore said DEFENDANTS are sued by such fictitious names.  PLAINTIFF will seek leave to amend this Complaint to insert the true names and capacities of said DEFENDANTS when the same become known to PLAINTIFF.  PLAINTIFF is informed and believes and thereupon alleges that each of the fictitiously-named DEFENDANTS is responsible for the wrongful acts alleged herein and is therefore liable to PLAINTIFF as alleged hereinafter.

6.     PLAINTIFF is informed and believes, and based thereupon alleges, that at all times relevant hereto, DEFENDANTS, and each of them, were the agents, employees, managing agents, supervisors, conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other DEFENDANTS, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, and/or joint venture and with the permission and consent of each of the other DEFENDANTS.

7.     PLAINTIFF is informed and believes, and based thereupon alleges, that DEFENDANTS, and each of them, including those DEFENDANTS named DOES 1-100, acted in concert with one another to commit the wrongful acts alleged therein, and aided, abetted, incited, compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so.  PLAINTIFF is further informed and believes, and based thereupon alleges, that the DEFENDANTS, and each of them, including those DEFENDANTS named as DOES 1-100, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to and actually causing PLAINTIFF harm.

8.     Whenever and wherever reference is made in this Complaint to any act or failure to act by a DEFENDANT or co-DEFENDANT, such allegations and references shall also be deemed to mean the acts and/or failures to act by each DEFENDANT acting individually, jointly and severally.

9.     PLAINTIFF has filed complaints of discrimination, harassment, retaliation, and failure to prevent discrimination, harassment, and retaliation under Government Code §§ 12940 *et seq*., the

California Fair Employment and Housing Act ("FEHA"), with the California Department of Fair Employment and Housing ("DFEH") and has satisfied her administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, AND JOINT EMPLOYER

10.    PLAINTIFF is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between ROGERS and DOES 1-100 that the individuality and separateness of DEFENDANTS have ceased to exist.

11.    PLAINTIFF is informed and believes, and based thereon alleges. that despite the formation of purported corporate existence, DOES 1-100 are, in reality, one and the same as ROGERS, including, but not limited to because:

a.    ROGERS is completely dominated and controlled by DOES 1-100, who personally violated the laws as set forth in this Complaint, and who have hidden and currently hide behind ROGERS to circumvent statutes or accomplish some other wrongful or inequitable purpose.

b.    DOES 1-100 derive actual and significant monetary benefits by and through ROGERS' unlawful conduct, and by using ROGERS as the funding source for their own personal expenditures.

c.    PLAINTIFF is informed and believes that ROGERS and DOES l-100, while really one and the same, were segregated to appear as though separate and distinct for purposes of circumventing a statute or accomplishing some other wrongful or inequitable purpose.

d.    PLAINTIFF is informed and believes that ROGERS and do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.    PLAINTIFF is informed and believes, and based thereon alleges, that the business affairs of ROGERS and DOES 1-100 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.  ROGERS is, and at all times relevant hereto were, used by DOES 1-100 as a mere shell and conduit for the conduct of certain of DEFENDANTS' affairs, and are, and were, the alter ego of DOES 1-100.  The recognition of the separate existence of ROGERS would not promote justice, in that it would permit DEFENDANTS to insulate themselves from liability to PLAINTIFF for violations of the Government Code, Labor Code,

and other statutory violations.  The corporate existence of ROGERS and DOES 1-100 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to PLAINTIFF herein.

12.     Accordingly, ROGERS constitutes the alter ego of DOES 1-100, and the fiction of their separate corporate existence must be disregarded.

13.     As a result of the aforementioned facts, PLAINTIFF is informed and believes, and based thereon alleges that ROGERS and DOES 1-100 are PLAINTIFF's joint employers by virtue of a joint enterprise, and that PLAINTIFF was an employee of ROGERS and DOES 1-100.  Plaintiff performed services for each and every one of DEFENDANTS, and to the mutual benefit of all DEFENDANTS, and all DEFENDANTS shared control of PLAINTIFF as an employee, either directly or indirectly, in the manner in which DEFENDANTS' business was and is conducted.

## FACTUAL ALLEGATIONS

14.     In or about the January 17, PLAINTIFF, female, was hired by DEFENDANTS as a Project Assistant.  Evidence of PLAINTIFF's excellence in the workplace and bright future with DEFENDANTS came quickly.   Throughout her employment, PLAINTIFF established a solid reputation with PLAINTIFF's supervisors and colleagues for her unshakeable honesty and impeccable work ethics.

15.     Within her growth due to her excellence in the workplace in or about February 2020 was promoted to a new position. Similar to the remainder of the country if not the world shortly after PLAINTIFF stepping into this new position the world came to a screeching halt due to COVID-19 and PLAINTIFF along with many other employees of DEFENDANT began working remotely. A few short months later, PLAINTIFF was then placed on a hybrid schedule in which she would work from home for a short period then would drive to the office. Such hybrid schedule was terminated shortly thereafter and PLAINTIFF was required to work from the office for the entirety of her shift.

16.     PLAINTIFF, a mother to a young boy with certain health issues, from time to time would request to work remotely in order to care for or be in close proximity of her son. Each and every time PLAINTIFF requested to work remotely, which is worth adding never requested to take time off although had every right to do so, PLAINTIFF notified her immediate supervisor and specifically the basis for such request. Unfortunately for PLAINTIFF, her son's health issues took a turn for the worse and in or

about September 26, 2021 PLAINTIFF's son was taken to the hospital. Due to the conditions of PLAINTIFF's son and the severity, PLAINTIFF's son admitted and was kept for a period of one week before being discharged. Immediately on or about September 26, 2021 PLAINTIFF informed her immediate supervisor about PLAINTIFF's son being taken to the hospital and the following day on September 27, 2021 PLAINTIFF informed the same supervisor that PLAINTIFF's son was admitted to the hospital and would be kept in the hospital.

17. The following week, upon PLAINTIFF's sons discharge, PLAINTIFF worked remotely to be able to keep a watchful eye on her son. Upon returning to work the following week, PLAINTIFF was informed that she was no longer allowed to work remotely and that she would need to be physically in the office everyday Monday through Friday. Realizing that DEFENDANTS lack any compassion for PLAINTIFF's sons' illness, PLAINTIFF decided to take the necessary steps to protect her position and have the ability to care for her son in the event the need arose again and attempted to start the process of requesting leave under Family Medical Leave Act ("FMLA") and/or California Family Rights Act ("CFRA"). Although worth mentioning, given PLAINTIFF's sons' disability and DEFENDANTS being fully on notice of such disability, DEFENDANTS had an affirmative duty to engage in the interactive process with PLAINTIFF. Unfortunately for PLAINTIFF before she could start the process and obtain the job protection on or about October 28, 2021 PLAINTIFF was terminated. Once again worth noting, DEFENDANTS failed to engage in any interactive process and in fact quite did quite the opposite and disallowed PLAINTIFF from any further remote work or at the very least informed PLAINTIFF of her rights under FMLA/CFRA notwithstanding the simple filling of a form is not what is required to obtain such protection, especially when it is widely known PLAITNIFF's son has certain medical conditions that would from time to time require PLAINTIFF to care for him.

18. Beyond the one week PLAINTIFF was by her son's side in the hospital, any and all other doctor visits or personal issues, including even when PLAINTIFF had contracted COVID-19, PLAINTIFF never took any days off and worked remotely through it all. PLAINTIFF had a large pipe burst in her home and was forced to stay in a hotel, in which she still worked each and every day, PLAINTIFF contracted COVID-19 with noticeable symptoms and although was allowed leave under COVID-19 Supplemental Paid Sick Leave, PLAINTIFF was never granted such leave and worked all the

while battling the extreme symptoms of COVID-19; the very reason COVID-19 Supplemental Paid Sick Leave passed. Moreover, on the many other occasions PLAINTIFF's son had health issues and rushed to the hospital, PLAINTIFF worked through them all, with the exception of when PLAINTIFF's son was admitted for approximately a week and PLAINTIFF did not have the ability to work, notwithstanding she should not have had to and rather be able to focus on the health of her young child. In essence, PLAINTIFF never missed a day in 2020 and it was for this reason that multiple people spanning multiple departments, including but not limited to PLAINTIFF's current department, Human Resources, Rollouts and the new Construction department she was being promoted to and transferred.

19.     Yet not only was PLAINTIFF unjustifiably terminated, to add insult to injury, PLAINTIFF was told her termination was due to work being slow, notwithstanding the construction industry was the busiest it had been in many many years and PLAINTIFF had received an email corporate for multiple new job openings just days before her termination in which one of the openings was in fact PLAINTIFF's position that was allegedly being terminated. Hence, a clear demonstration that PLAINTIFF's utilization and attempt to utilize FMLA and/or CFRA and PLAINTIFF sons' disability and accommodations for PLAINTIFF's sons' disability were the key and arguably sole motivating factor in the decision to terminate PLAINTIFF. There is no place for mothers with children with certain health conditions and issues whom attempt to utilize any form of FMLA/CFRA leave in DEFENDANTS' workplace.  As stated above the explanation as to the reasons for PLAINTIFF's termination was a lazy attempt to cover up the true reason.  One can only reasonably infer that it is because of PLAINTIFF's her personal circumstances that she was fired.  It is as simple as that.  There's no argument to be had

20.     As a matter of law, of course, it is worth noting too that throughout PLAINTIFF's employment at DEFENDANTS, PLAINTIFF was forced to work through meal and rest breaks, as well as off the clock, and that PLAINTIFF was not paid for this work.  PLAINTIFF cannot recall ever being provided a rest break especially post February 2020.  PLAINTIFF, although clocked out and done for the day would consistently be called upon to work while driving home and many times once she arrived at home. Moreover, DEFENDANTS, specifically PLAINTIFF's immediate supervisor, were well aware of PLAINTIFF's inability to take meal and rest periods and forced to work off the clock with the justification being the focus was solely to complete all the tasks at all costs.

**FIRST CAUSE OF ACTION**

**DISCRIMINATION IN VIOLATION OF GOV'T CODE §§ 12940 *ET SEQ*,**

**(AGAINST ALL DEFENDANTS)**

21.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

22.     At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

23.     At all times relevant to this action, DEFENDANTS was an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

24.     At all times relevant to this action, PLAINTIFF was a member of a protected class within the meaning of California Government Code §§ 12940(a), 12926(m), because of PLAINTIFF's sex/gender, request for leave under the family care or medical leave ("CFRA"), and disability.

25.     At all times relevant to this action, DEFENDANTS unlawfully discriminated against PLAINTIFF, as previously alleged, on the basis of, among other things, her PLAINTIFF's sex/gender, request for leave under the family care or medical leave (CFRA), and disability, and as a result of the discrimination was terminated, laid off, forced to quit, denied hire or promotion, reprimanded, suspended, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (CFRA).

26.     DEFENDANTS were substantially motivated to terminate and/or force PLAINTIFF to resign because of PLAINTIFF's sex/gender, request for leave under the family care or medical leave (CFRA), and disability.

27.     As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

28.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as she was psychologically injured.  Such injuries have caused, and continue to cause,

PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

29.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

30.     PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF's rights.  They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive her of employment benefits.  Accordingly, an award of punitive damages is warranted.

31.     PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

32.     Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION

## RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

## (AGAINST ALL DEFENDANTS)

33.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

34.     At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

35.     At all times relevant to this action, DEFENDANTS was an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

36.     At all times relevant to this action, California Government Code § 12900 *et seq*. were in full force and effect and were binding upon DEFENDANTS.  These sections, *inter alia*, required

DEFENDANTS to refrain from discriminating, harassing, and retaliating against any employee on the basis of complaining to DEFENDANTS about activities which PLAINTIFF had reasonable cause to believe were in violation of a law, and opposition to conduct related thereto, requesting or using a pregnancy-disability-related accommodation, requesting or using a disability-related accommodation, requesting or using family care or medical leave (CFRA).

37.     DEFENDANTS engaged in conduct that taken as a whole, materially and adversely affected the terms and conditions of PLAINTIFF's employment. PLAINTIFF's assertion of her rights under California Government Code § 12900 *et seq*. and opposition to unlawful conduct was a substantial motivating reason for DEFENDANTS's decision to retaliate against PLAINTIFF and as a result PLAINTIFF was terminated, laid off, forced to quit, reprimanded, suspended, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied accommodation for pregnancy, denied employer paid health care while on pregnancy disability leave, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (CFRA). DEFENDANTS's conduct was a substantial factor in causing harm to PLAINTIFF as set forth herein.

38.     At all relevant times to this action, DEFENDANTS unlawfully retaliated against PLAINTIFF, in violation of California Government Code § 12940(h), 12940(m)(2), by, among other things, terminating her, laying her off, forcing her to quit, reprimanding her, suspending her, denying her any employment benefit or privilege, denying reasonable accommodation for a disability, denying work opportunities or assignments, denying or forcing to her transfer, denying family care or medical leave (CFRA).

39.     DEFENDANTS' retaliatory treatment, terminating her, laying her off, forcing her to quit, reprimanding her, suspending her, denying her any employment benefit or privilege, denying reasonable accommodation for a disability, denying work opportunities or assignments, denying or forcing to her transfer, denying family care or medical leave (CFRA), was substantially motivated by sex/gender, request for leave under the family care or medical leave (CFRA), and disability and protected activities, including but not limited to, filing complaints, and complaining to DEFENDANTS about activities which PLAINTIFF had reasonable cause to believe were in violation of a law, and opposition to conduct related thereto.

40. As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

41. As a direct and proximate result of DEFENDANTS's conduct, PLAINTIFF suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

42. As a direct and proximate result of DEFENDANTS's conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

43. PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF's rights. They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

44. PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

45. Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (AGAINST ALL DEFENDANTS)

46.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

47.     At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

48.     At all times relevant to this action, California Government Code § 12900 *et seq.* was in full force and effect and was binding upon DEFENDANTS.  California Government Code § 12900 *et seq.* prohibits DEFENDANTS from discriminating, harassing or retaliating against an employee who protests harassment or discrimination, and from failing to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

49.     DEFENDANTS' conduct as previously alleged was in retaliation for PLAINTIFF's assertion of rights under California Government Code § 12900 *et seq.*

50.     PLAINTIFF's assertion of her rights under California Government Code § 12900 *et seq.* was a substantial motiving reason for DEFENDANTS's decision to terminate PLAINTIFF. DEFENDANT's conduct was a substantial factor in causing harm to PLAINTIFF as set forth herein.

51.     California Government Code § 12900 *et seq.* evinces a policy that benefits society at large, was well-established at the time of PLAINTIFF's discharge, and is substantial and fundamental.

52.     DEFENDANTS' wrongful termination and/or constructive termination of PLAINTIFF's employment was substantially motivated by her sex/gender, request for leave under the family care or medical leave (CFRA), disability and request for accommodation, DEFENDANTS' illegal business practices, and opposition to related conduct.

53.     As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

54.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as she was psychologically injured.  Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

55.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period

1  of time in the future, will be required to employ physicians and incur additional medical and incidental

2  expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF

3  will seek leave of Court to amend this Complaint to set forth the exact amount when it has been

4  ascertained.

5        56.    PLAINTIFF is informed and believes, and thereon alleges that the employees, officers,

6  directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful

7  acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and

8  conscious disregard for PLAINTIFF's rights.  They also acted fraudulently, as they willfully concealed

9  the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive her of

10  employment benefits.  Accordingly, an award of punitive damages is warranted.

11        57.    PLAINTIFF is informed and believes and thereon alleges that the actions of

12  DEFENDANTS's employees, officers, directors, and/or managing agents were undertaken with the prior

13  approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified

14  by it as well by the and through its officers, directors, and/or managing agents.

### FOURTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF THE

## FAIR EMPLOYMENT AND HOUSING ACT

## (AGAINST DEFENDANTS ROGERS and DOES 1-100 ONLY)

19        58.    PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this

20  Complaint as though fully set forth herein.

21        59.    At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

22        60.    At all times relevant to this action, DEFENDANTS were an employer who regularly

23  employed five or more persons within the meaning of California Government Code § 12926(d).

24        61.    California Government Code §§ 12940(k) requires employers to take all reasonable steps

25  necessary to prevent discrimination, retaliation, and harassment from occurring.

26        62.    DEFENDANTS subjected PLAINTIFF to severe and pervasive retaliation and

27  discrimination.  PLAINTIFF complained about the discrimination and retaliation, but DEFENDANTS

28  took no action.

63.     DEFENDANTS, and each of them, failed to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.  In addition, DEFENDANTS, and each of them, failed to remedy such discrimination and retaliation when DEFENDANTS realized and were informed that it was occurring.  DEFENDANTS, and each of them, further failed to train, supervise, and monitor their employees and agents.

64.     DEFENDANTS' failure to prevent discrimination and retaliation and encouraged an environment where such discrimination and retaliation was condoned, encouraged, tolerated, sanctioned, and/or ratified.

65.     As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

66.     As a direct and proximate result of DEFENDANTS's conduct, PLAINTIFF suffered general damages, as she was psychologically injured.  Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

67.     As a direct and proximate result of DEFENDANTS's conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

68.     PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF's rights.  They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive her of employment benefits.  Accordingly, an award of punitive damages is warranted.

69.     PLAINTIFF  is  informed  and  believes  and  thereon  alleges  that  the  actions  of

DEFENDANTS's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

70.     Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FIFTH CAUSE OF ACTION**

**DISABILITY DISCRIMINATION - FAILURE TO ENGAGE IN THE INTERACTIVE**

**PROCESS IN VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT**

**(AGAINST ALL DEFENDANTS)**

71.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

72.     At all times herein relevant, there was an employer/employee, agency, or other qualified relationship between PLAINTIFF and the DEFENDANTS.

73.     It is illegal to discriminate against an individual based upon her disabilities pursuant to California Government Code section 12940 et seq.

74.     DEFENDANTS, and each of them, were required under California Government Code § 12940, et seq., among other California statutes, to engage in an interactive dialogue with all qualified, disabled employees, designed to find ways to reasonably accommodate said employees' conditions based on pregnancy (the "interactive process").

75.     PLAINTIFF was a qualified disabled employee. DEFENDANTS were, therefore, required to engage in the interactive process with PLAINTIFF.

76.     DEFENDANTS, and each of them, failed to engage in the interactive process with PLAINTIFF.

77.     DEFENDANTS have a pattern and practice of failing to engage in a good faith interactive process.

78.     Moreover, DEFENDANTS' facially neutral policy of nondiscrimination in employment decisions has an unfavorable impact on those employees who are in a similar position to PLAINTIFF.

79.     As a proximate result of DEFENDANTS' discrimination against PLAINTIFF,

PLAINTIFF has suffered and continues to suffer substantial losses in earnings, and other employment and retirement benefits and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to her damage in an amount according to proof.

80.     As a result of DEFENDANTS' discriminatory acts as alleged herein, PLAINTIFF is entitled to reasonable attorneys' fees and costs of said suit as provided by California Government Code section 12965, subsection (b).

**SIXTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF THE LABOR CODE SECTION 1102.5**

**(AGAINST ALL DEFENDANTS)**

81.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

82.     At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

83.     At all times relevant to this action, DEFENDANTS were an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

84.     At all times relevant to this action, California Labor Code § 1102.5 was in full force and effect and were binding upon DEFENDANTS.  These sections, *inter alia*, required DEFENDANTS to refrain from terminating any employee on the basis of complaining to DEFENDANTS about activities which PLAINTIFF had reasonable cause to believe were in violation of a law, and opposition to conduct related thereto.

85.     DEFENDANTS engaged in conduct that taken as a whole, materially and adversely affected the terms and conditions of PLAINTIFF's employment.

86.     PLAINTIFF's assertion of her rights under California Labor Code § 1102.5 and opposition to unlawful conduct was a substantial motivating reason for DEFENDANTS' decision to retaliate against and terminate PLAINTIFF.  DEFENDANTS' conduct was a substantial factor in causing harm to PLAINTIFF as set forth herein.

87.     At all relevant times to this action, DEFENDANTS unlawfully retaliated against PLAINTIFF, in violation of California Labor Code § 1102.5, by, among other things, terminating her.

88.     DEFENDANTS' retaliatory treatment, including termination of PLAINTIFF's

16

**COMPLAINT**

employment, was substantially motivated by PLAINTIFF's complaints to DEFENDANTS about activities which PLAINTIFF had reasonable cause to believe were in violation of a law, and opposition to conduct related thereto.

89.     As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

90.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as she was psychologically injured.  Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

91.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

92.     PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF's rights.  They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive her of employment benefits.  Accordingly, an award of punitive damages is warranted.

93.     PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANT and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

94.     Pursuant to California Labor Code § 1102.5, PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF LABOR CODE § 1194, 1197 ET SEQ.**

**(AGAINST ALL DEFENDANTS)**

95.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

96.     At all relevant times, PLAINTIFF was and is an employee of DEFENDANTS covered by Labor Code sections 1197 and applicable Wage Orders.

97.     Pursuant to Labor Code section 1197 and applicable Wage Orders, PLAINTIFF was and is entitled to receive minimum wages for all hours worked.

98.     Because of DEFENDANTS' unlawful conduct, including but not limited to failing to record all hours worked, DEFENDANTS failed to pay PLAINTIFF minimum wages for all hours worked in violation of Labor Code section 1197 and applicable Wage Orders.  Because of DEFENDANTS' unlawful conduct, Plaintiff has suffered damages in an amount, subject to proof, to the extent she was not paid minimum wages for all hours worked.

99.     Pursuant to Labor Code section 1194 and 1194.2, PLAINTIFF is entitled to recover the full amount of unpaid minimum wages, penalties, prejudgment interest, liquidated damages, reasonable attorneys' fees and costs of suit.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO COMPENSATE FOR ALL HOURS WORKED IN VIOLATION OF LABOR CODE § 1198 ET SEQ.**

**(AGAINST ALL DEFENDANTS)**

100.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

101.     At all times relevant herein, DEFENDANTS were required to compensate PLAINTIFF for all hours worked upon reporting for work at the appointed time stated by DEFENDANTS, pursuant to Industrial Welfare Commission Orders, and Labor Code §§ 200, 226, 500, 510, and 1197.

102.     At all times relevant hereto, DEFENDANTS failed to compensate PLAINTIFF for all

hours worked by not compensating her for work performed.  DEFENDANTS failed to pay minimum wages, DEFENDANTS failed to provide breaks as required by law, DEFENDANTS failed to compensate PLAINTIFF for all overtime and double time worked, DEFENDANTS failed to pay for meal periods, DEFENDANTS did not accurately record hours worked, and DEFENDANTS failed to properly itemize wages.

103.    Under the aforementioned Wage Order and California law, PLAINTIFF is entitled to recover compensation for all hours worked, but not paid, for the three (3) years preceding the filing of this Complaint, plus reasonable attorneys' fees and costs of suit pursuant to Labor Code § 218.5, and penalties pursuant to Labor Code § 226.

104.    In violation of state law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF for all wages earned and all hours worked.  As a direct result, PLAINTIFF has suffered, and continues to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel DEFENDANTS to fully perform its obligation under state law, all to its respective damage in amounts according to proof at time of trial.  DEFENDANTS committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFF, from improper motives amounting to malice, and in conscious disregard of PLAINTIFF's rights.  PLAINTIFF is thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.

105.    DEFENDANTS' conduct described herein violates Labor Code §§ 200, 226, 500, 1197 and 1198, and Industrial Welfare Commission Orders.  Therefore, pursuant to Labor Code §§218.5, 226, 558, 1194, and 1194.2, PLAINTIFF is entitled to recover damages for the nonpayment of wages of all hours worked that were improperly deducted by DEFENDANTS' policies, penalties, reasonable attorney's fees, expenses, and costs of suit.  PLAINTIFF requests relief as hereinafter provided.

## NINTH CAUSE OF ACTION

**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE § 510, 1194, 1198 ET SEQ.**

**(AGAINST ALL DEFENDANTS)**

106.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

107.     At all times relevant to this Complaint, Labor Code section 510(a) was in effect and provided: "Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

108.     At all times mentioned, PLAINTIFF was and continues to work for DEFENDANTS during shifts that consisted or more than eight hours in a workday and/or more than forty hours in a work week and was not paid overtime wages for all overtime hours worked.

109.     Overtime pay is computed based on the regular rate of pay.  The regular rate of pay includes many different kinds of remuneration.  Under California law, the determination of regular rate of pay for purposes of determining overtime pay must include the employee's commissions, bonuses, or other non-hourly compensation. Labor Code section 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount if fixed or ascertained by the standard of time, task, piece, commission basis or other methods of calculation."

110.     Accordingly, by requiring PLAINTIFF to work in excess of eight hours per day and/or forty hours per week and without properly compensating overtime and double time wages, as described above, DEFENDANTS willfully violated the provisions of Labor Code section 1194.

111.     Because of the unlawful acts of DEFENDANTS, PLAINTIFF has been deprived of overtime and double time wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code sections 1194 and 1199, Code of Civil Procedure section 1021.5, and Civil Code section 3287.

## TENTH CAUSE OF ACTION

**FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF LABOR CODE § 226.7, 512**

**(AGAINST ALL DEFENDANTS)**

112.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

113.     Pursuant to Labor Code section 512, no employer shall employ an employee for a work

period of more than five (5) hours without a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Plaintiff was not provided with requisite meal periods as contemplated under the law.

114.   Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period or rest period is not provided.

115.   By their failure to provide PLAINTIFF with the meal periods contemplated by California law and failing to provide compensation for such unprovided meal periods, as alleged above, DEFENDANTS willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

116.   Because of DEFENDANTS' unlawful conduct, PLAINTIFF has suffered damages in an amount, subject to proof, to the extent she was not paid additional pay owed for missed meal periods.

117.   PLAINTIFF is entitled to recover the full amount of her unpaid additional pay for missed meal periods.  Pursuant to Code of Civil Procedure section 1021.5, PLAINTIFF is entitled to recover the reasonable attorneys' fees and costs of suit.

118.   Pursuant to Civil Code section 3287(a), PLAINTIFF is entitled to recover prejudgment interest on the additional pay owed for missed meal periods.

///

**ELEVENTH CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF LABOR CODE § 226.7**

**(AGAINST ALL DEFENDANTS)**

119.   PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

120.   California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or

major fraction thereof." Accordingly, employees who work shifts of three-and-a-half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period. Plaintiff was not provided with requisite rest periods as contemplated under the law.

121. Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period or rest period is not provided.

122. By its failure to provide PLAINTIFF with the rest periods contemplated by California law, and failing to provide compensation for such unprovided rest periods, as alleged above, DEFENDANTS willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

123. Because of DEFENDANTS' unlawful conduct, PLAINTIFF has suffered damages in an amount, subject to proof, to the extent she was not paid additional pay owed for missed rest periods.

124. PLAINTIFF is entitled to recover the full amount of her unpaid additional pay for missed rest periods. Pursuant to Code of Civil Procedure section 1021.5, PLAINTIFF is entitled to recover reasonable attorneys' fees and costs of suit.

125. Pursuant to Civil Code section 3287(a), PLAINTIFF is entitled to recover prejudgment interest on the additional pay owed for missed rest periods.

///

### TWELFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE § 226

### (AGAINST ALL DEFENDANTS)

126. PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

127. At all relevant times, PLAINTIFF was an employee of DEFENDANTS covered by Labor

Code section 226.

128.    Pursuant to Labor Code section 226(a), PLAINTIFF was entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement showing gross wages earned, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, among other information.

129.    DEFENDANTS failed to provide PLAINTIFF accurate itemized wage statements in accordance with Labor Code section 226(a).

130.    PLAINTIFF is informed and believe and thereon allege that at all relevant times, DEFENDANTS maintained and continues to maintain a policy and practice of not issuing itemized wage statements to PLAINTIFF.  DEFENDANTS' practices resulted and continue to result in the failure to issue itemized wage statements to PLAINTIFF.

131.    DEFENDANTS' failure to provide PLAINTIFF with accurate wage statements was knowing and intentional.  DEFENDANTS had the ability to provide PLAINTIFF with accurate wage statements, but intentionally failed to do so.

132.    Because of DEFENDANTS' unlawful conduct, PLAINTIFF has suffered injury.  The absence of accurate wage statements has delayed timely challenge to DEFENDANTS' unlawful pay practices, requires discovery and mathematical computations to determine the amount of wages owed, causes difficulty and expense in attempting to reconstruct time and pay records.

133.    Pursuant to Labor Code section 226(e), PLAINTIFF is entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate penalty of $4,000.

134.    Pursuant to Labor Code sections 226(e) and 226(g), PLAINTIFF is entitled to recover the full amount of penalties due under Labor Code section 226(e), reasonable attorneys' fees and costs of suit.

## THIRTEENTH CAUSE OF ACTION

### WAITING TIME PENALTIES IN VIOLATION OF LABOR CODE §§202, 203, 218.5

### (AGAINST ALL DEFENDANTS)

135.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

136.     Labor Code section 202 requires, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

137.     In Labor Code section 203, "If an employer willfully fails to pay . . . any wages of an employee who is discharged . . . , the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until any action therefor is commenced; but the wages shall not continue for more than 30 days."

138.     Labor Code section 218.5 provides, "In any action brought for the nonpayment of wages . . . the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action."

139.     Plaintiff resigned from her employment with Defendants on or about May 3, 2018.

140.     Defendants willfully failed and refused to pay Plaintiff all wages earned and unpaid upon the resignation of his employment or with seventy-two (72) hours thereof; including, without limitation, unpaid overtime wages and unpaid premium wages for each workday that Defendants failed to provide meal and rest periods in accordance with California law.

141.     As a direct and legal result of Defendants' willful failure and refusal to pay Plaintiff wages earned and unpaid upon the resignation of his employment or with seventy-two (72) hours thereof in accordance with Labor Code sections 202 and 203, Plaintiff suffered damages.

142.     Plaintiff is entitled to recover, pursuant to Labor Code section 203, waiting time penalties in an amount which will be ascertained and established according to proof at trial.

143.     Plaintiff is further entitled, pursuant to Labor Code section 218.5, to an award of reasonable attorneys' fees and costs of suit.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF seeks judgment against DEFENDANTS, and each of them, in an amount according to proof, as follows:

1.  For a money judgment representing compensatory damages including lost wages, earnings, commissions, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress; and

2.  For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment on this matter.

3.  For punitive damages pursuant to Civil Code §3294 in amounts sufficient to punish DEFENDANTS for the wrongful conduct alleged herein and to deter such conduct in the future;

4.  For unpaid wages pursuant to Labor Code section 1194 in an amount to be ascertained and established according to proof at trial;

5.  For unpaid overtime wages pursuant to Labor Code section 1194 in an amount to be ascertained and established according to proof at trial;

6.  For premium wages pursuant to Labor Code section 226.7 in an amount to be ascertained and established according to proof at trial;

7.  For waiting time penalties pursuant to Labor Code section 203 in an amount to be ascertained and established according to proof at trial;

8.  For liquidated damages pursuant to Labor Code section 226 in an amount to be ascertained and established according to proof at trial;

9.  For restitution pursuant to Business and Professions Code section 17203 in an amount according to proof at trial;

10. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, the Labor Code, and/or any other basis;

11. For post-judgment interest; and

12. For penalties as required by law.

///

///

///

DATED:  August 15, 2022                    KHARATIAN LAW, APC

                                By:    _____
                                       Jores Kharatian, Esq.

                                       Attorney for Plaintiff
                                       Lashonda Solomon

## **DEMAND FOR TRIAL BY JURY**

PLAINTIFF hereby demands a jury trial of all causes of action and claims with respect to which she has a right to jury trial.


DATED: August 15, 2022                     KHARATIAN LAW, APC

                                By:    _____
                                       Jores Kharatian, Esq.

                                       Attorney for Plaintiff
                                       Lashonda Solomon